UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                     Case No. 18-cr-109-pp

JACK A. CLAYBOURNE,

        Defendant.

---

**ORDER GRANTING DEFENDANT'S *PRO SE* MOTION FOR APPOINTMENT OF NEW COUNSEL (DKT. NO. 87), GRANTING DEFENSE COUNSEL'S MOTION TO WITHDRAW (DKT. NO. 88) AND REQUESTING THAT FEDERAL DEFENDER SERVICES OF WISCONSIN APPOINT SUCCESSOR COUNSEL FOR THE DEFENDANT**

---

At the beginning of this case, Attorney Dan Stiller was appointed to represent the defendant. Dkt. No. 10. On May 29, 2019, however, Attorney Stiller advised the court that he'd accepted a position with the Administrative Office of U.S. Courts, which required him to close his law practice. Dkt. No. 70. He asked the court to allow him to withdraw from representing the defendant, and to direct Federal Defender Services of Wisconsin to appoint successor counsel. Id. As far as the court is aware, Attorney Stiller's withdrawal had nothing to do with his relationship with the defendant; he simply got another job and couldn't practice law anymore. The court granted the motion to withdraw. Dkt. No. 71.

Federal Defender Services appointed Attorney Christopher Cherella as successor counsel, and he filed his notice of appearance on June 5, 2019. Dkt. No. 72. In the four months since, it appears that the relationship between the

defendant and Attorney Cherella has not been a good fit; the defendant has asked the court to appoint him a different lawyer, and Attorney Cherella has indicated that the attorney/client relationship has been irreparably damaged.

The court notes that this is the first time the defendant has asked to change lawyers; he hasn't made a habit of this. The court has not yet scheduled a trial date. By the deadline Magistrate Judge Jones set for filing pretrial motions, dkt. no. 56, the defendant filed two motions to suppress evidence, dkt. nos. 57, 58. Judge Jones issued an order recommending that this court deny one of the motions, dkt. no. 65, and issued a separate order recommending that the court deny the other, dkt. no. 79. The defendant, through Attorney Cherella, objected to both of those recommendations, dkt. nos. 83, 84; the deadline for the government to file its responses is October 28, 2019, dkt. no. 86. Once the government responds, the court will need time to review the pleadings and make its decision. While a new lawyer will have to educate him- or herself about the case, that should not delay the case overmuch. Regardless of how the court rules on the suppression motions, it is likely that new counsel will come on board in time to participate fully in the selection of final pretrial and trial dates without asking for too much additional time.

While a defendant who asks for appointed counsel cannot select his own lawyer, he is entitled to lawyer with whom he can work. The court concludes, based on the defendant's motion and on Attorney Cherella's representations, that the defendant and Attorney Cherella are no longer able to work with each

other effectively, and that this prohibits Attorney Cherella from effectively representing the defendant.

The court **GRANTS** the defendant's motion for appointment of new counsel. Dkt. No. 87.

The court **GRANTS** Attorney Cherella's motion to withdraw, and **ORDERS** that Attorney Cherella is **RELIEVED** as counsel of record. Dkt. No. 88.

The court **REQUESTS** that Federal Defender Services of Wisconsin appoint successor counsel to represent the defendant.

Dated in Milwaukee, Wisconsin this 9th day of October, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**