5-7-2020

Attention Judge Pepper's and the Office of Lawyer regulation.

    I've requested Attorney Plantinga to do numerous things, numerous times. Being more specific; I've requested Attorney Plantinga to put in a motion for disclosure concerning witnesses P.P and S.H due to them being relevant to the Defense and to put in a motion concerning Pre-Trial Indictment. *(See letter I wrote to Attorney Plantinga dated 10-27-19).* I requested that Attorney Plantinga inform Judge Pepper that I wanted to verse my view on what should have been addressed that Attorney Cherella didn't address regarding Magistrate Jones Recommendation to our Motions. As this Court knew the reasons I withdrew attorney Cherella as my Attorney. *(See letter I wrote to Attorney Plantinga dated 11/18/2019).* Attorney Plantinga informed me that he had notified Judge Pepper's that we were sending in my view/response to Magistrate Jones Recommendation and that Judge Pepper's was ok with that. Approximately 10 days later, I saw on *fastcase* that Judge Pepper's had made her decision without considering my response. During this time Attorney Plantinga told me that he didn't think there was much we could do and that we could argue this at trial. Seeing that Attorney Plantinga wasn't going to file anything, I sent to this Court, the same letter I had sent to Attorney Plantinga dated 11/18/2019 regarding my views. I also put together two other motions of which I gave to Attorney Plantinga to critique and to file with this Court. I also for a 2nd time requested Attorney Plantinga to file a motion for disclosure of P.P and S.H due to them being relevant to the Defense. *(See letter I wrote to Attorney Plantinga dated 12-24-19).* A scheduled conference was held in January due to the fact that I had mailed to this Court the same letter I had given to Attorney Plantinga. At the scheduled conference I was informed by Judge Pepper's not to mail any motions to this Court and that that was why I have a lawyer. I informed Judge Pepper's that I wasn't going to file anything directly to this Court and that I had given Attorney Plantinga two additional motions in the beginning of December to critique and to file with this Court of which Attorney Plantinga informed Judge Pepper's that they were good motions and that he wanted to re-fashion them. It is now May and the things I requested Attorney Plantinga to do has not been done.

In January, Attorney Plantinga informed me that he was going to file a Notice of Alibi. I quickly disagreed and informed Attorney Plantinga that we needed a private investigator and that we needed to file a motion for disclosure *first* as I've been asking Attorney Plantinga to do, along with material regarding disclosure and investigation, of which Attorney Plantinga informed me that he would read first. Exactly two days later I called Attorney Plantinga to find out that he had filed the Notice of Alibi the day before and now thinks it was the wrong thing to do, due to the documented time in an officer's report in the Discovery. *(Which Attorney Plantinga should have investigated prior to filing a Notice of Alibi)*. Attorney Plantinga also rather waste valuable time running around looking for potential alibi witnesses with *initials* and with imaginary/uncertain addresses before filing a motion for disclosure and before having a private investigator interview the witnesses. **(See letter I wrote Attorney Plantinga dated 2-1-2020).** After hiring a private investigator to interview P.P, Attorney Plantinga started making assumptions as to S.H's real name and has failed to interview S.H and seems unmotivated due to the *idea* that I can testify. See **(Blackmon v. Williams, 823 F.3d 1088) at 1104:** *"Counsel's failure to investigate undermines the state court analysis, which appears to assume that counsel knew, somehow, that the additional alibi witnesses would offer purely cumulative testimony. If counsel never learned what the witnesses would have said, he "could not have made a reasonable professional judgement that their testimony would have been cumulative." Mosley 689 F.3d at 848; see also Campbell v. Reardon 780 F.3d 752, 764 (7th Cir. 2015) (rejecting state courts assumption that lawyer's decision not to interview eyewitnesses was reasonable; proper inquiry was "whether the investigation supporting counsels decision" not to call witnesses "was itself reasonable". The unreasonableness of counsel's failure to investigate is further bolstered by the significant potential benefits of obtaining alibi testimony from witnesses unimpaired by family ties to Blackmon or prior convictions, another point the state court did not consider".*

When I requested Attorney Plantinga to Subpoena F.W to Trial, I was advised by Attorney Plantinga that if F.W does not come to Court, the only way we get her statement in at trial is to make a stipulation with the Government, Attorney Plantinga explained that the Government would agree to allow F.W statement in at trial, if the Defense would give the Government something in return. Instead of Attorney Plantinga using the statute on hearsay exceptions

regarding F.W living far away, physically ill due to Cancer, and having testified at trial in Booker's case, *(See Burns v. Clusen, 798 F.2d 931 at 937-942),* Attorney Plantinga would rather try to convince me to make a stipulation with the prosecutor.

I've requested Attorney Plantinga to file for an Evidentiary Hearing and or a *Wade* Hearing many times to no avail, due to factually disputed material including but not limited to; the *lack* of M.G's signature or initials on photo array form. Attorney Plantinga looked for M.G's signature and after not finding any; told me to wait until trial and that he would speak about it then. After I had done some research regarding the *lack* of signature I informed Attorney Plantinga that it wasn't a good idea to wait until trial. Just recently, Attorney Plantinga advised me to send him a motion or letter concerning an Evidentiary Hearing and or a *Wade* Hearing. After sending my motion/letter to Attorney Plantinga, **(See Attachment dated and mailed out 4-5-2020)** Attorney Plantinga informed me that he believes that this is the direct link into getting into Court on an Evidentiary Hearing and or a *Wade* Hearing. Two and a half weeks later Attorney Plantinga decided against the Evidentiary hearing stating that he found M.G's signature in the Discovery **(Discovery that I don't have)** and Discovery Attorney Plantinga has had since I first asked him to file for an Evidentiary Hearing back in February. *(When Attorney Plantinga stated that he looked and didn't find M.G's signature).* I then explained to Attorney Plantinga that it would be highly disappointing to find out that after being in Jail for over 2 years that I've been fighting this case w/o all of my Discovery which I'm required to have. Not only M.G's signature but everything my Attorney has. I only have a little over 200 pages of Discovery but Attorney Plantinga stated that there was 400 pages on one disk and that there were multiple disks. The Judge never agreed to Lawyer's eyes only, so there is no reason I shouldn't have all of the Discovery my lawyer has. When I asked Attorney Plantinga to send me everything that he has, he told me that he would send me something to look threw to see if I had everything first. I then informed Attorney Plantinga that I probably wouldn't be able to understand and that I wanted everything he had, sent to me, of which Attorney Plantinga stated that he would just have the U.S Attorney send me a Discovery. Just recently, I received one Discovery disk and everything my lawyer has is not on the disk. *(I know due to Attorney Daniel Stiller having showed me a few other disk that he never got a chance to copy and send to*

*me).* Attorney Plantinga has been argumentive about everything and seems to enjoy wasting time.

I also informed Attorney Plantinga of my Concerns regarding my health; I have an enlarged heart, slow heartbeat, a heart murmur and a leaky valve. I also had severe sleep apnea when I was born and needed breathing/oxygen machines. I asked Attorney Plantinga to file a bail motion due to my health issues and with the Corona Virus/Covid-19 going around and me being at a high risk due to the situation. Attorney Plantinga advised me that many people were getting approved for bail /bond release due to the reasons I mentioned and that he would be sending me a form for disclosure of my health records to put in a motion. Attorney Plantinga never sent me such form and took about two weeks to file a bail motion without such pertinent information. *(Attorney Plantinga informed me that it would be too time consuming to wait for my health records).* Attorney Plantinga didn't provide any information to rebut the presumption of detention, didn't provide any thing to guarantee my appearance to Court or how I wasn't a flight risk, or any temporary release plan, or anything that suggests that I would be staying away from the Corona Virus/Covid-19. The U.S Attorney response to my bail request shows this. Attorney Plantinga did nothing to dispute.

I have every letter Attorney Plantinga has sent to me but due to visiting and phone calls some things are not recorded. Besides what's mentioned above, Attorney Plantinga is not punctual about anything, he makes impulsive decisions and seems to not want to do anything. Attorney Plantinga told me multiple times that he would look into this or that and that he would do this or that and never gave me a response for a lot of the things I had questions or concerns about. After waiting some time with no feedback from Attorney Plantinga, I would bring up the same discussion we had on prior occasions and Attorney Plantinga would act as though he had forgotten that we had had the conversation, then he would have an excuse. It seemed as though he was talking to the U.S Government about my Defense and giving the U.S Government a spoon. Regardless of anything I said, Attorney Plantinga seemed to have his mind made up of what he was going to do. I've been taking note of everything as the case has been going on while Attorney Plantinga has been appointed counsel for me in this matter, so please understand that I have given Attorney Plantinga many chances to do what a Lawyer

should do and it hasn't been getting done. *(See Strickland v. Washington 466 U.S 668, 104 S.Ct. 2052, 80 L.Ed. 2d 674 (1984). Also See Supreme Court Rules concerning conduct of Lawyers.* At this time I am requesting this Court to Withdraw Attorney Plantinga as my attorney and to appoint new counsel.

Sincerely, Jack A. Clayborne

Signed _____

Dated 5-7-2020

JACK A. CLAYBORNE #1078008

DODGE COUNTY DETENTION CENTER

216. W. CENTER ST.

JUNEAU, WI 53039-1086