UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

**UNITED STATES OF AMERICA,**

    *Plaintiff,*

v.                          Case No. 18-CR-109

**Jack A. Clayborne**,

    *Defendant.*

### DEFENDANT'S MOTION TO RELEASE PENDING TRIAL

The defendant, Jack A. Clayborne, by his attorney John A. Birdsall of Birdsall Obear and Associates, LLC, hereby respectfully moves the Court pursuant to Title 18 U.S.C. § 3145(b) to review the order of detention entered on April 30, 2020, to allow for Clayborne's release upon conditions.

**AS GROUNDS**, the defendant asserts conditions of release exist which will reasonably assure the safety of the community and the appearance of the defendant in court under 18 U.S.C. § 3142 (c) and also asserts as follows:

**I. Procedural Background**

1. On July 7, 2016, Jack A. Clayborne (Clayborne) was indicted by the grand jury and was charged in three counts: (1) causing serious bodily harm during an attempted motor vehicle robbery under Title 18, U.S.C.

1

§ 2119(2); and (2) using, carrying, brandishing, and discharging a firearm during the attempted motor vehicle robbery charged in Count One, in violation of Title 18 U.S.C. § 924(c)(1)(A)(i-iii); (3) and felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1). Dkt. #14.

2. Mr. Clayborne made his initial appearance and pled not guilty on May 17, 2018. Dkt. #17. A federal detainer was ordered because, at that time, Mr. Clayborne was in state custody related to Milwaukee County Case No. 18CF1847. Dkt. #75.

3. On May 17, 2019, Mr. Clayborne's first motion for release from custody was after one of his two state charges were dismissed, Mr. Clayborne sought release on this case as he felt he could raise bail on his remaining state case. Dkt. #68, pg. 2. Mr. Clayborne was ordered to remain detained because: (1) the nature of the present allegations are serious, Exhibit 1, pg. 9 at 24:48; (2) he is a risk to the community, but only because of the allegation Mr. Clayborne brandished a gun, *id*. pg. 10 at 24:48; (3) allegations of brandishing, discharging, and shooting, a gun at someone raised concern that Mr. Clayborne would not follow any conditions set forth by the court, *id*. Judge Jones found Mr. Clayborne's criminal history would not a disqualify him for release. Exhibit 1, pg. 10 at 24:48.

4. On August 19, 2019, Clayborne filed a second motion for bail review after he was sentenced to time served in his state case. Dkt. #78. Mr. Clayborne's prior council brought nothing new to the table. The only new information brought to the court's attention was that his pending state case was resolved, and he was sentenced to time served. Dkt. #82. Because Mr. Clayborne's prior council brought nothing new to the table to show Mr. Clayborne would follow any conditions set by the court, Judge Duffin ordered Mr. Clayborne remain detained. Exhibit 2, pg. 2.

5. On April 22, 2020, in the height of the COVID-19 pandemic, Mr. Clayborne moved for release based on medical concerns. Dkt. #109. Clayborne was ordered to remain detained because health concerns relating to the pandemic do not override the courts previous findings that he remains detained. Dkt. #113. Finding that the nature of the allegations and the possibility Mr. Clayborne brandished a gun and shot the victim shows a danger to the community. Dkt. #113 at 3. If released Mr. Clayborne sought to reside with his mother, Lilly Clayborne. Dkt. #109.

6. On December 9, 2020, Mr. Clayborne moved for temporary release to attend his mother's, Lilly Clayborne's, funeral. Dkt. #124. Mr. Clayborne was denied temporary release, finding the health risks

3

associated with COVID-19 is too high to the transporting U.S. Marshalls. Dkt. #125 at 3.

**II. Present Allegations**

7. Eric Booker was found guilty of attempted carjacking and discharging a firearm during a crime of violence on February 26, 2018. (*See e.g.*, Exhibit 3, at 223). Only after Booker was convicted were charges filed against Mr. Clayborne. *See* Dkt. #1.

8. On June 30, 2021, Sylvance Brown, Clayborne's alleged co-defendant, entered a guilty plea to attempted carjacking and discharge of a firearm during a crime of violence. Only after Brown was caught attempting to interfere with the government's investigation and frame the entire thing on Mr. Clayborne did Brown agree to plea out. *See* Exhibit 4.

9. There is a high probability that Booker and Brown will testify against Mr. Clayborne at his trial. *See* Exhibit 2 (showing that the government expects both to testify against Mr. Clayborne). From the beginning of this investigation, both, Booker and Brown, have been caught in multiple lies. The first thing Booker did was lie to the government at the hospital, *see e.g.,* Exhibit 5, at 5; and Brown was caught trying to place his guilt on Mr. Clayborne, *see e.g.,* Exhibit 4.

10. The evidence against Mr. Clayborne is substantially weaker than what

they have against Booker and Brown. *See* 18 U.S.C. § 3142(g)(2). For example, the bullet removed from Booker was confirmed to be from the victim's gun. Exhibit 3, at 34. Not only does Brown's letter show his involvement, but there is also surveillance footage of him dropping Booker off at the hospital. The victim in this case testified that he shot the suspect who shot at him – that is, Booker – and the parties stipulated to the fact that only two guns were fired. Exhibit 3, at 59; 131.

11. The evidence against Mr. Clayborne is not as strong. See 18 U.S.C. § 3142(g)(2). Between the governments' witnesses – who have previously been caught lying during this investigation – are expected to testify against Mr. Clayborne; his fathers' car being driven by someone else; cell-phone tower data; and an unreliable photo-identification – of which, one of the two witnesses present at the crime scene could not positively identify Mr. Clayborne; the second, who is the victim, claimed the suspects were wearing masks and he could not see their face, yet he proceeds to identify Mr. Clayborne. The only other photo identifications made were from witnesses not present at the crime scene.

### III. Applicable Law

12. Pursuant to 18 U.S.C. § 3146(f), Clayborne respectfully requests a

5

hearing to show the Court he is entitled to release on conditions under 18 U.S.C. § 3142(c). If Clayborne is released pending trial, on the conditions: he will reside with his sister; be subject to monitoring by pre-trial services, and anything deemed necessary by the Court.

13. Clayborne is subject to the Bail Reform Act's presumption of detention. That presumption does not alter the ultimate requirement that a defendant may only be detained if there is *no* set of release conditions under 18 U.S.C. § 3142(e)(2) that will reasonably secure the safety of the community or that will reasonably assure the defendant's appearance at trial. *See* 18 U.S.C. § 314(e)(1).

## IV. Information and Conditions

14. Clayborne asserts there exists favorable evidence that rebuts the presumption of detention.

15. Clayborne's most recent conviction was three years ago, he was sentenced to time served. Dkt. #75, at 5. Clayborne's criminal history is dated, with his second most recent conviction being over seven years ago where he was convicted for a misdemeanor obstructing an officer. Dkt. #75. That offense was not a violent in nature and Clayborn did not cause substantial bodily harm. *See* Dkt. #75 at 5. Clayborne's third most recent conviction occurred 10 years ago for vehicle operator fleeing

6

officer. Again, not a violent offense. *See* Dkt. #75 at 4.

16. Clayborne has not been deemed a risk of flight. *See* Exhibit 1, at 10. He does not have a U.S. passport; has never traveled outside of the United States, Dkt. #75; and has never missed a court date.

17. If released, Clayborne agrees to GPS monitoring and will reside with his sister, Camille Hayes, at 1320 South 26th Street, Milwaukee, WI. Mrs. Hayes will make herself available at a detention hearing to confirm her support.

18. Clayborne will seek and maintain full time employment. He was previously employed at Neenah Foundry Co., 801 Eugene Ct., Waukesha, WI 53186, and believes he is able to resume full-time employment there. If he is unable to resume employment at Neenah Foundry, he will find full time employment within the Eastern District of Wisconsin.

19. Further, this Court should take into account that Clayborne has been in pre-trial confinement for five years. That is half of the mandatory minimum term he faces – *if* convicted as charged. During this time he has lost his mother, Lilly Clayborne. If released, Clayborne will reside with Ms. Hayes and wishes to repair his relationship with his father, Jack A. Clayborne, whose health is deteriorating since he suffered from

a stroke in 2018. Clayborne further seeks to resume his relationship with his 14-year-old son, of who Clayborne had joint custody and primary placement of prior to his arrest.

20. To reasonably assure the safety of the community and his appearance in Court, it is respectfully recommended that Clayborne be released on a personal recognizance bond and with the following conditions:

   a. Clayborne's travel shall be restricted to the Eastern District of Wisconsin;

   b. Clayborne shall reside with his sister;

   c. Clayborne shall seek and maintain full time employment;

   d. Clayborne shall not posses any firearms or other dangerous weapons;

   e. Clayborne shall not have contact with any witnesses in this matter;

   f. Clayborne shall be monitored in the community in the form of location monitoring and shall abide by all technology requirements. Voice recognition is considered a form of electronic monitoring and would be included in this condition;

   g. Clayborne shall report to Pretrial Services as directed.

21. In addition to the above conditions, Clayborne will abide by any

8

conditions the Court deems appropriate.

WHEREFORE, Clayborne respectfully requests that the Court hold a detention hearing as soon as practicable to consider evidence supporting this motion and to amend the detention order entered in this matter to allow for Clayborne's release pending trial upon conditions set by the Court. The government was consulted prior to filing this motion and will oppose this motion.

Dated this 16th day of September, 2021.

**BIRDSALL OBEAR & ASSOCIATES**

By: _s/s John A. Birdall_
**John A. Birdsall**
State Bar No. 1017786
Attorney for Jack A. Clayborne

1219 N. Cass Street,
Milwaukee, WI, 53202
Phone: 414.831.5465
Fax: 414.831.5465

9

Case 2:18-cr-00109-PP    Filed 09/20/21    Page 9 of 9    Document 145