UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

           Plaintiff,

v.                                  Case No. 18-CR-109

JACK A. CLAYBORNE, et al.,

           Defendants.

## ORDER

Jack A. Clayborne appeared initially on a complaint before the Honorable David E. Jones on May 4, 2018. Because he had two pending state cases for which he had not posted bond, Judge Jones ordered that he be returned to state custody subject to a federal detainer. (ECF No. 11.)

One year later, on May 17, 2019, Clayborne filed a motion seeking release from custody. (ECF No. 68.) Stating that he was now able to post bond in the state cases, Clayborne asked Judge Jones to set conditions of release in this action. (ECF No. 68.) Following a hearing, Judge Jones denied the motion and ordered Clayborne detained pending trial. (ECF Nos. 76, 77.)

About two months later, Clayborne, now represented by new counsel, filed a motion asking the court to reconsider its detention order. (ECF No. 78.) Due to Judge Jones's resignation, the motion was assigned to this court. The court held a hearing and ordered that detention continue. (ECF No. 82.)

On April 22, 2020, Clayborne, now represented by his third attorney, filed his third motion for release on conditions. (ECF No. 109.) After ordering the government to respond, the court denied Clayborne's motion. (ECF No. 113.)

On December 9, 2020, now represented by his fourth attorney, Clayborne asked the court to temporarily release him so he could attend his mother's funeral. (ECF No. 124.) Chief Judge Pepper denied that motion. (ECF No. 125.)

Currently before the court is Clayborne's fourth motion for pretrial release. (ECF No. 145.) A detention hearing may be reopened

> at any time before trial if the judicial officer finds that information exists that was not known to the movant at the time of the hearing and that has a material bearing on the issue whether there are conditions of release that will reasonably assure the appearance of such person as required and the safety of any other person and the community.

18 U.S.C. § 1342(f).

The charges against Clayborne stem from a July 7, 2016 attempted carjacking where two subjects, both brandishing firearms, confronted the victim after he parked his Cadillac Escalade. (ECF No. 1, ¶ 6.) One of the robbers shot the victim in the thigh, and the victim returned fire, striking one of the robbers. (ECF No. 1, ¶¶ 6-7.)

The robber who was shot during the robbery has been convicted at trial and sentenced to 13 years in prison. *See United States v. Booker*, 16-CR-125 (E.D. Wis.). Clayborne's co-defendant, Sylvance Brown, has recently entered into a plea agreement where he acknowledged that he was the getaway driver. (ECF No. 140.) Thus, ascribed to Clayborne is the role of the second would-be carjacker. The evidence is inconsistent as to which of the robbers (Booker or Clayborne) shot the victim.

Clayborne argues that the case against him is not strong. Insofar as the alleged co-actors may testify against him, Clayborne argues that their credibility is suspect. He also asserts that the victim's identification of Clayborne is unreliable.

Even if the court were to accept the information included in Clayborne's present motion as new information, it is insufficient to merit reopening the detention hearing. The facts that were most significant to the court's detention decision—that there is strong evidence that Clayborne brandished a firearm, and perhaps shot the victim, in conjunction with an attempted carjacking—remain unchanged. This alleged violent crime, when combined with Clayborne's criminal history, establish by clear and convincing evidence that no condition or combination of conditions will reasonably assure the safety of the community if Clayborne were released pending trial.

The length of Clayborne's pretrial detention is troubling, but much of that delay was attributable to the pandemic and thus unavoidable. Moreover, Chief Judge Pepper

has scheduled this matter for trial in January. One way or another, this matter will be resolved in the next few months.

**IT IS THEREFORE ORDERED** that Jack A. Clayborne's motion for bond review (ECF No. 145) is **denied**.

Dated at Milwaukee, Wisconsin this 21st day of September, 2021.

_____
WILLIAM E. DUFFIN
U.S. Magistrate Judge