U.S. DISTRICT COURT
EASTERN DISTRICT-WI
FILED

2021 SEP 23 PM 4: 14

CLERK OF COURT

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

---

**UNITED STATES OF AMERICA,**

**Plaintiff,**

**v.** **Case No. 18-CR-109**

**JACK A. CLAYBORNE,**

**Defendant.**

---

**DEFENDANT'S MOTION FOR RELEASE**

---

The defendant is filing a motion for release himself due to the following reasons:

1. The ***Bail Reform Act, 18 U.S.C. sec. 3141 et seq.,*** *allows a defendant to request reconsideration of his detention at any time.*

2. The defendant Jack A. Clayborne, asked his attorneys (Birdsall & Obear and Associates) to file a motion for release in June of 2021 for a number of reasons and sent a motion for release, in July, the defendant attorneys stated they would file a motion for release. Then, in August the defendant attorneys stated that they were waiting on the Government to see if the Government would oppose the motion for release. Finally, on September 16th the defendant was informed that a motion for release would not be filed because the attorneys didn't want to stir anything when they have a Trial. The defendant is now filing a motion for release.

Since the defendant initially appeared in this case 3 ½ years ago, Jack A. Clayborne has been the subject of a federal detainer. The defendant has no other case but this case. The defendant is charged with three crimes, including a violation of 18 U.S.C. 924 (c). That charge subjects him

to the Bail Reform Act's presumption of detention. See 18 U.S.C. 3142(e) (3) (B). That presumption is only rebutted "when the defendant meets a 'burden of production' by coming forward with some evidence that he will not flee or endanger the community if released". ***See United States v. Dominguez, 783 F.2d 702 at 707 (7th Cir. 1986).***

1. Although the defendant has a significant history of crime, the defendant has no prior violent cases, thus presenting no danger to the community if released.

2. The defendant has been out on Cash Bail/ Signature Bond on numerous occasions and has never missed a court date (thus not one to flee).

3. The defendant has been employed by multiple employees throughout his life. Before his arrest in 2018 the defendant was employed at the Neenah Foundry until he was injured.

4. Also although the defendant is charged with the crimes described in the complaint. The Government is making up a lot of theories. Mr. Clayborne is not only presumed innocent but has pled Not Guilty and is awaiting trial (whenever that may take place).

The defendant is asking this Court to release him on Cash Bail/Signature Bond on electronic monitoring. Since the defendants initial appearance on this case the defendant's Mother has passed away and now his Father is living alone. His Father had a Stroke in 2018 and should have someone to help care for him (including but not limited to taking his Father to all of his doctor appointments). The defendant is planning to care for his 74yr old Father and his 15yr old Son (whom Mr. Clayborne had Joint Custody and Primary Placement of). The defendant will seek employment and maintain employment. The defendant will abide by all rules and conditions of Cash Bail/ Signature Bond and electronic monitoring services. The defendant will show up for all court dates.

Upon this landscape, Mr. Clayborne, through counsel, respectfully asks this Court to schedule a hearing under 3142 (f) and to ultimately enter an order releasing him on the least restrictive conditions necessary to reasonably assure his appearance in court and the safety of others.

See ***USA v. Warneke, 199 F.3d 906, at 908-909***. Mr. Clayborne wisely recognize that pretrial detention is not per se punitive and unconstitutional. But nevertheless argue that the length of the pretrial detention here has become excessive in relation to its nonpunitive purposes. The defendant is already protected from excessive pretrial detention by the Due Process Clause of the Fifth Amendment, which would allow for release if his detention runs too long and if an excessively long period of pretrial confinement exceeds due process limits, the defendants' remedy is not a motion to dismiss, particularly not a motion to dismiss on double jeopardy grounds. It is to seek review of the detention order. The Bail Reform Act, 18 U.S.C. sec. 3141 et seq., allows a defendant to request reconsideration of his detention at any time. 18 U.S.C. sec.sec. 3142(f) and 3145(b). This decision is in turn subject to review on appeal. 18 U.S.C. sec. 3145(c). See ***United States v. Infelise, 934 F.2d 103 (7th Cir. 1991).***

Signed________________________.

Mailed & Dated 9-19-2021________________.

JACK A. CLAYBORNE #1078008

DODGE COUNTY DETENTION FACILITY

216 W. CENTER ST.

JUNEAU, WI 53039-1086