UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

UNITED STATES OF AMERICA,

        Plaintiff,

  v.

JACK A. CLAYBORNE,

        Defendant.

Case No. 18-cr-109-pp

**ORDER GRANTING LEAVE TO APPEAL *IN FORMA PAUPERIS*
(DKT. NO. 210)**

On January 13, 2022, a jury found the defendant guilty of carjacking, being a prohibited person in possession of ammunition and possessing a firearm during a crime of violence. Dkt. No. 181. On June 7, 2022, this court sentenced the defendant to serve 234 months in custody followed by five years of supervised release. Dkt. Nos. 201, 202. The defendant timely filed his notice of appeal on June 21, 2022—seven days after the court docketed the judgment. Dkt. No. 206.

The defendant has moved to proceed without prepaying the appellate filing fee (*in forma pauperis*). Dkt. No. 210. At the time he was charged in 2018, the defendant qualified as indigent and had appointed counsel. He eventually retained the attorney who represented him at trial. See Dkt. No. 190 at 24.

That said, the defendant's affidavit accompanying his motion for permission to appeal *in forma pauperis* says the defendant has no income, no assets, no money and no job because he has been incarcerated for the past

1

four years. Dkt. No. 210. The court is aware that the defendant has been incarcerated for that length of time. While the court may wonder who paid the attorney who represented the defendant at his January 2022 trial, the court finds that the defendant is unable to pay the appellate filing fee.

There is a second finding the court must make in deciding whether to allow an indigent defendant to appeal without prepaying the appellate filing fee. The court must determine whether the appeal is taken in good faith. See Coppedge v. United States, 369 U.S. 428, 444 (1962). The good faith standard is an objective one—a defendant appeals in good faith "when he seeks appellate review of any issue not frivolous." Id. at 445. The defendant left blank the portion of the affidavit asking him to identify the issues he wishes to raise on appeal. See Dkt. No. 210 at 1. At his sentencing hearing, however, the defendant expressed several concerns; he indicated that while a witness had testified about seeing a man with an afro crouched behind the garbage cans near the garage at the time of the shooting, he was not the man with the afro; he expressed concerns about missing evidence (a pair of shorts recovered on a flight path from the victim's home—law enforcement had a photo of the shorts, which were turned inside-out, but did not retain the shorts themselves); and he expressed concerns about pretrial motions and the performance of counsel (though he did not specify which counsel—he had more than one lawyer). The court concludes, based on these statements, that the defendant plans to raise one or more of these issues on appeal and that the defendant is taking the appeal in good faith.

The court **GRANTS** the defendant's motion for permission to appeal *in forma pauperis*. Dkt. No. 210.

Dated in Milwaukee, Wisconsin this 5th day of July, 2022.

        **BY THE COURT:**

        _____
        **HON. PAMELA PEPPER**
        **Chief United States District Judge**